# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHARLES J. PERKINS,<br><br>   Plaintiff,<br><br>   v.<br><br>STARS AND STRIPES REALTY, INC. &<br>TIFFANY ALLEN,<br><br>   Defendants.<br><br>STARS AND STRIPES REALTY, INC.,<br><br>   Third-Party Plaintiff,<br><br>   v.<br><br>VENDOR RESOURCE MANAGEMENT<br>(VRM) on behalf of The Secretary of the<br>United States Department of Veterans<br>Affairs and WESLEY "BRENT" PRICE,<br><br>   Third-Party Defendants. | Case No. 4:16-cv-00034-SLG |

## ORDER RE PENDING MOTIONS

Plaintiff Charles J. Perkins initiated this action in Alaska state court seeking personal injury damages arising from an incident that occurred on February 24, 2014. The Complaint alleges that Mr. Perkins fell through an open crawl space access panel in a home that had been repossessed by the Veteran Affairs Administration.[1]

---

[1] *See* Docket 19-1 (Jan. 30, 2015 Civil Complaint for Damages); *see also* Docket 19-61 (Aug. 28, 2016 First Amended Civil Complaint for Damages ["FAC"]).

Now pending before the Court are two motions: (1) Stars and Stripes' Motion for Ruling of Law at Docket 16;[2] and (2) Vendor Resource Management's (VRM) Motion to Dismiss or, in Alternative, for Partial Summary Judgment at Docket 36.[3] Plaintiff filed oppositions to both motions (Docket 32 and Docket 44), to which the movants replied (Docket 41 and Docket 48). Oral argument was not requested and was not necessary to the Court's determination.

## I.  VRM's Motion to Dismiss

VRM seeks dismissal of Plaintiff's personal injury claims against it on the ground that Plaintiff failed to sue VRM before Alaska's two-year statute of limitations for tort claims expired.[4]

Plaintiff sustained his injury on February 24, 2014. The statute of limitations thus expired on February 24, 2016. Plaintiff's initial complaint was filed on January 30, 2015 and asserted claims against Stars & Stripes Realty, Inc. ("Stars and Stripes"), the listing realtor and selling agent of the property.[5] On September 17, 2015—230 days later— Stars and Stripes filed a third-party complaint for allocation of fault against VRM, the entity retained by the Department of Veterans Affairs to conduct property preservation work in anticipation of the home's sale.[6] But Stars and Stripes dismissed its third-party complaint

---

[2] VRM joins the Motion for Ruling of Law at Docket 16. *See* Docket 24 (Joinder to Motion).

[3] Stars and Stripes filed a non-opposition to VRM's motion at Docket 36. *See* Docket 45 (Non-Opposition).

[4] *See* ALASKA STAT. 09.10.070. In its Answer to the FAC, VRM asserted a statute of limitations defense. Docket 10 (VRM's Answer) at 7.

[5] Docket 19-1 (Jan. 30, 2015 Civil Complaint for Damages) at 2.

[6] Docket 19-21 (Sept. 14, 2015 Third-Party Complaint) at 2.

on April 8, 2016, after determining that its agreement with VRM required Stars and Stripes to defend and indemnify VRM from claims arising out of the listing of the subject property.[7]

At the time of that dismissal, the statute of limitations had lapsed and Plaintiff had asserted no claims directly against VRM. But on July 29, 2016, Plaintiff moved to amend its complaint to add VRM as a defendant.[8] The state court granted that order,[9] and on August 28, 2016, the First Amended Civil Complaint was filed.[10] VRM then removed the case to the district court on the basis of 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1331.[11]

It is undisputed that Plaintiff did not assert any direct claims against VRM until after the expiration of the two-year statute of limitations.[12] Plaintiff and VRM both recognize that Plaintiff's claims against VRM can proceed only if they "relate back" to the filing of the initial complaint.[13]

Alaska Rule of Civil Procedure 15(c)[14] provides:

---

[7] Docket 19-38 (Apr. 6, 2016 Notice of Dismissal Prior to Answer) at 1–2.

[8] Docket 19-49 (July 29, 2016 Motion for Leave to Amend Complaint).

[9] Docket 19-59 (Aug. 23, 2016 Order Granting Leave to Amend).

[10] Docket 19-61.

[11] Docket 1 (Notice of Removal).

[12] *See* Docket 44 (Pl.'s Opp.) at 1–2.

[13] *Cf. Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 856 (9th Cir. 1986).

[14] The Ninth Circuit has ruled that the question of whether a complaint states a cause of action, including whether it is time-barred, is governed by state law when the relevant amendments preceded removal to federal court. *Anderson v. Allstate Insurance Co.*, 630 F.2d 677, 682 (9th Cir. 1980). Because Plaintiff filed his FAC in state court prior to removal, the Court applies Alaska law. But the Alaska Supreme Court has noted that its civil rules parallel the federal rules, and thus often draws on federal authority for guidance. *See McNett v. Alyeska Pipeline Serv. Co.*, 856 P.2d 1165, 1168 n.2 (Alaska 1993).

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

This rule thus sets out a four-part test for whether the relation-back doctrine applies to an amended complaint changing or adding a new defendant.[15] First, the amended complaint must have arisen from the same "conduct, transaction, or occurrence" as set forth in the initial complaint. This element is not contested. Second, the new party must have "received such notice of the institution of the action that the party will not be prejudiced." Third, the new party must have known, or should have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fourth, and most important for purposes of this motion, the second and third requirements must have been fulfilled "within the period provided by Rule 4(j) for service of the summons and complaint."

Here, VRM unquestionably was given notice of the action before expiration of the statute of limitations period when it was named as a third-party defendant. But the relevant inquiry is not whether VRM had notice within the period of limitations; Rule 15(c) provides that notice must be "within the period provided by Rule 4(j) for service of the summons of the complaint." Alaska Civil Rule 4(j) provides that service must be made

---

[15] The Alaska Supreme Court has held that the same analysis applies whether a party is added or substituted. *See Sellers v. Kurdilla*, 377 P.3d 1, 8 (Alaska 2016).

within 120 days of filing of the complaint or within another period established by the court for good cause shown.[16]

The state court did not extend the deadline for service; both of the then-named defendants were served within the 120-day period.[17] VRM received notice of the action on or about September 21, 2015, when Stars and Stripes served it with the third-party complaint—230 days after Plaintiff filed his complaint.[18] Because this notice was outside the period prescribed by Rule 15(c), under the terms of that rule Plaintiff cannot rely on the relation-back doctrine to resuscitate any claims against VRM.

Plaintiff asks the Court to consider the unique facts of this case to avoid this consequence.[19] Plaintiff stresses that VRM had actual notice of the action when it was named as a third-party defendant within the limitations period. Thus, Plaintiff maintains, it would be unfair to rely on the technicality of the service period so as to preclude the

---

[16] The rule reads:

> The clerk shall review each pending case 120 days after filing of the complaint to determine whether all defendants have been served. If any defendant has not been served, the clerk shall send notice to the plaintiff to show good cause in writing why service on that defendant is not complete. If good cause is not shown within 30 days after distribution of the notice, the court shall dismiss without prejudice the action as to that defendant. The clerk may enter the dismissal if the plaintiff has not opposed dismissal. If the court finds good cause why service has not been made, the court shall establish a new deadline by which plaintiff must file proof of service or proof that plaintiff has made diligent efforts to serve.

[17] *See* Docket 19-6 (Feb. 11, 2015 Certificate of Service as to Stars and Stripes); Docket 19-7 (March 9, 2015 Certificate of Service as to Tiffany Allen).

[18] *See* Docket 38 (Fletcher Aff.) at 2–3, ¶ 6.

[19] *See* Docket 44 at 3 n.4.

relation back to Plaintiff's initial complaint. Rather, Plaintiff asserts that Rule 15(c) should be interpreted expansively so as to permit his claim against VRM to proceed.

But the equities in this case cut both ways. As Wright & Miller explains in its discussion of the related federal rule, whether the relation-back doctrine should apply turns on "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." A court should also consider how "the plaintiff's postfiling conduct informs the prospective defendant's understanding of whether the plaintiff initially made a mistake concerning the proper party's identity."[20] Although VRM had notice of Plaintiff's action within the period of limitations, VRM did not have notice during that time that Plaintiff intended to seek recovery from VRM, but for some mistake. Instead, Plaintiff did not seek to add VRM as a direct defendant until almost a year after VRM had been added as a third-party defendant. This long period of inaction would reasonably communicate to VRM that Plaintiff did not intend to pursue any claims against VRM directly.

In *Boerger v. Commerce Insurance*, a case raising analogous issues under the federal rules, the plaintiff sued his insurance agents following a fire. He contended that the agents had been negligent in failing to procure adequate insurance and sought the difference between the full loss and the insured loss. The agents brought a third-party action against the insurer within the two-year statute of limitations for commercial liability, but outside the period for service of the original complaint. Plaintiff then, and outside the

---

[20] 27A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, LAWYER'S ED. § 62.322.

period of limitations, sought to add the insurer as a direct defendant.[21] The district court denied leave to amend, concluding that the insurer "was not on notice of its potential involvement *as a direct defendant* within the 120-day time period."[22]

In this case, just as in *Boerger*, Plaintiff was well aware of the third-party defendant's identity and role in underlying events within the statute of limitations, yet failed to bring any direct claims against VRM during that period. Plaintiff was aware of VRM's potential liability since at least September 14, 2015, the date Stars and Stripes joined VRM as a third-party defendant for the purpose of allocation of fault.[23] Even if Plaintiff did not learn of VRM's identity until that time, he had from September 14, 2015 until February 23, 2016 to add VRM as a direct defendant.[24] And, at the same time, Plaintiff cannot show that on or before either May 30, 2015 (when the 120-day service period lapsed), or February 23, 2016 (when the statute of limitations lapsed), VRM "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [VRM]." Therefore, the claims Plaintiff seeks to

---

[21] *See Boerger v. Commerce Ins. Servs.*, 2005 WL 3235009 at *1 (D.N.J. Nov. 28, 2005).

[22] *Boerger*, 2005 WL 3235009 at *6 (emphasis added).

[23] Docket 19-21 (Sept. 14, 2015 Third Party Complaint).

[24] In support of Plaintiff's state court motion to add VRM as a direct defendant, he alleged that the July 5, 2016 deposition of Stars and Stripes realtor Lori Axhelm "confirmed" that the actual owner/occupier of the property was VRM. Docket 19-49 (July 29, 2016 Motion for Leave to Amend Complaint) at 5. Even if Plaintiff did not receive "confirm[ation]" of VRM's exact role until after the statute of limitations had expired, the filing of the third party complaint during the statute of limitations put him on notice as to VRM's status as a potential defendant. *See Kilkenny*, 800 F.2d at 857–58 ("Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation.").

bring against VRM do not relate back to the date of his initial complaint, even if Rule 15(c) is read as expansively as proposed by Plaintiff.[25]

Plaintiff also argues that there is an identity of interests between Stars and Stripes and VRM such that the timely assertions of claims against Stars and Stripes should be imputed to VRM. But Plaintiff fails to show that there was a sufficient nexus between VRM and Stars and Stripes, two separate entities who contracted for the provision of licensed services, to establish the required "identity of interest."[26] And even assuming notice to Stars and Stripes could be imputed to VRM, Plaintiff has not shown that the failure to initially identify VRM as a defendant was due to a mistake.[27] Plaintiff contends he did not initially name VRM as a defendant because "it was unclear who actually owned" the property.[28] But Plaintiff was put on notice of the VA's purported ownership of the property no later than the filing of the third-party complaint in September 2015,[29] and if there was any question as to ownership, Plaintiff could also have examined the relevant land records.

---

[25] *See Siemion v. Rumfelt*, 825 P.2d 896, 901 (Alaska 1992) ("[W]here the plaintiff knew the defendant's identity, but merely neglected to add that defendant to his original complaint, 'the relation back doctrine and the imputed notice doctrine are extremely limited, if applicable at all.'" (quoting *Farmer v. State*, 788 P.2d 43, 49 (Alaska 1990))).

[26] *See* 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1499 at 197-98 (2010) (explaining that identity of interest "generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other").

[27] *See Phillips v. Gieringer*, 108 P.3d 889, 895–96 (Alaska 2005) (explaining that relation-back requires a mistake even when notice can be imputed).

[28] Docket 44 at 4.

[29] *See* Docket 19-21 at 2, ¶ 5.

But more importantly, Plaintiff never sued any other party as an owner: in his initial complaint, Plaintiff recognized Stars and Stripes as "the Alaskan Listing Realtor," not as the owner.[30] Ms. Allen, the other named defendant, was identified in the initial complaint as "the girlfriend of Mr. Leslie Price, who had contracted . . . to purchase" the property.[31] If anything, in the initial complaint Plaintiff ascribed ownership either to Mr. Price (who had the house under contract) or the Department of Veterans Affairs.[32] But Plaintiff, for whatever reason, named neither Mr. Price nor the VA as a defendant in the initial complaint. Plaintiff cannot claim a mistake as to the identity of the proper owner of the property when Plaintiff never sought—until the late amendment—to sue any potential owner. A tactical decision to omit a possible class of defendant "bars the application of the relation-back doctrine."[33] Plaintiff has not demonstrated that he made a mistake as to the true owner of the property; Plaintiff never sought to sue the owner of the property until after the statute of limitations had expired.

Because Plaintiff did not bring his direct claims against VRM within the applicable two-year statute of limitations period, and because Plaintiff cannot rely on the relation-back doctrine, Plaintiff's claims against VRM must be dismissed as time-barred.

---

[30] Docket 19-1 at 2, ¶ 6.

[31] Docket 19-1 at 2, ¶ 9

[32] *See* Docket 19-1 at 2, ¶ 6 (describing the property as a "Veterans Administration repo house"). The Veterans Administration, of course, is now known as the Department of Veterans Affairs.

[33] *Atkins v. DeHavilland Aircraft Co. of Canada*, 699 P.2d 352, 354 (Alaska 1985); *see also Sellers v. Kurdilla*, 377 P.3d 1, 8 (Alaska 2016) (emphasizing that "[t]he additional requirement that the plaintiff have made a genuine mistake about the proper party's identity prevents use of the relation-back doctrine for tactical advantage").

## II. Notice of Intent to Remand

VRM removed this case after the complaint was amended, and jurisdiction was predicated on VRM's status as an agent of the federal government.[34] Because of that status, this Court has had jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), which provides for jurisdiction over suits against "any person acting under [an] officer[] of the United States," and pursuant to 28 U.S.C. § 1331, since the suit against VRM (as an agent of the VA) arose under the Federal Tort Claims Act.

The claims against VRM will be dismissed by this order, thus depriving the Court of any independent grounds for original jurisdiction. This Court has not yet entered any substantive orders in this case related to the remaining parties. The Court therefore intends to remand the case to state court. Any objections to the proposed remand, together with an explanation of reasons that the Court should retain jurisdiction, must be filed within 21 days of the date of this order.[35]

Because the Court intends to remand the case, it will not decide the substantive issue raised by Stars and Stripes' motion at Docket 16; that motion raises a question of state law best addressed by the state court that will hear the case on remand.[36] The Court will vacate all now-pending pretrial deadlines.[37] Should the Court retain jurisdiction,

---

[34] *See* Docket 1 (Notice of Removal) at 2, ¶ 3.

[35] *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction").

[36] *See Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1181 n.28 (9th Cir. 2003).

[37] *See* Docket 26 (Scheduling and Planning Order); Docket 43 (Order Modifying Certain Pretrial Deadlines).

it will then issue such orders resetting deadlines and resolving pending motions as are appropriate.

## CONCLUSION

Based on the foregoing, IT IS ORDERED as follows:

1. VRM's Motion to Dismiss, or in the Alternative, Motion for Partial Summary Judgment, at Docket 36 is **GRANTED**. All claims by Plaintiff against VRM are **DISMISSED** with prejudice on the grounds that they are barred by the applicable statute of limitations.

2. All now-pending deadlines in this case are **VACATED**.

3. Any party objecting to the remand of this case to the state court shall file such objection within 21 days of the date of this order.

DATED this 28th day of April, 2017 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE